UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA J. HANSON,<br>    Plaintiff,<br>v.<br>CHARLES D. DOWLING, et al.,<br>    Defendants. | Case No. 24-cv-01473-HSG<br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br>Re: Dkt. No. 23 |

    Pro se Plaintiff Christina Hanson failed to respond to the Court's Order to Show Cause, Dkt. No. 23. The Court **DISMISSES** Plaintiff's case without prejudice for failure to prosecute.

## I. BACKGOUND

    On March 11, 2024, Plaintiff filed this action, alleging that the National Security Agency (NSA) installed a "harness on [her] head" and that NSA employee Charles Dowling was "hacking [her] server." Dkt. No. 1. Plaintiff attempted to serve Defendant Dowling via the United States Attorney's Office for the Northern District of California. *See* Dkt. No. 7. On April 18, 2024, the U.S. Attorney's Office filed a letter informing the Court that the NSA has "no record of an NSA employee named Charles D. Dowling, going as far back as the 1990s." Dkt. No. 12. The U.S. Marshals Service was unable to serve the other Defendants because they could not be located at the addresses provided by Plaintiff. *See* Dkt. No. 11. On October 3, 2024, the Court concluded that Plaintiff's complaint lacked minimal legal viability under 28 U.S.C. § 1915(e)(2)(B) and dismissed it with leave to amend. Dkt. No. 21. When Plaintiff did not file an amended pleading, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 23. Plaintiff did not respond to the Court's order by the December 11, 2024 deadline (and has not responded to date). For the reasons set forth below, this

1  action is DISMISSED WITHOUT PREJUDICE for failure to prosecute.

2  **II.  DISCUSSION**

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b).  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *See Ferdik*, 963 F.2d at 1260–61.  A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred.  *Id.* at 1261.  Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  That is true here.  Plaintiff did not amend her complaint and failed to respond to the Court's Order to Show Cause.  Dkt. No. 23.  Plaintiff has not communicated with the Court in over three months.  The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation."  *See Pagtalunan*, 291 F.3d at 642.  This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants.  *See id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with

1  docket management and the public interest." *Id.*  Here, Plaintiff has demonstrated "routine
2  noncompliance": she failed to timely file an amended complaint or respond to the Order to Show
3  Cause as detailed above.  *See* Dkt. No. 23.  Plaintiff's noncompliance "has consumed some of the
4  court's time that could have been devoted to other cases on the docket."  *See Pagtalunan*, 291
5  F.3d at 642.  This factor therefore weighs in favor of dismissal.

6        Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions
7  impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision
8  of the case."  *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).[1]
9  "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to
10 the strength of the plaintiff's excuse for the default."  *Id.* (citation omitted).  In *Malone*, which
11 involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found
12 the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying
13 dismissal.  *Id.*  And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the
14 court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had
15 only a "paltry excuse" for why they failed to timely amend their complaint.  191 F.3d at 991–92.
16 In this case, Plaintiff has failed to timely amend her complaint or obey a show cause order.
17 Moreover, Plaintiff has provided no reason for her noncompliance.  This factor therefore weighs in
18 favor of dismissal.

19       Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven
20 ineffective in advancing the case.  The Court entered an order to show cause, expressly warning
21 Plaintiff that her case was at risk of dismissal for failure to prosecute.  *See* Dkt. No. 23.  She failed
22 to respond.  This factor therefore weighs in favor of dismissal.  *See Ferdik*, 963 F.2d at 1262
23 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or
24 her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of
25 alternatives' requirement").

26       The last factor—the public policy favoring disposition on the merits—weighs against

---

[1] Here, Defendants have not been served and it is not clear whether Defendants actually exist.

1   dismissal here, as it always will even when a party entirely fails to prosecute. *See Pagtalunan*,
2   291 F.3d at 643.

### III. CONCLUSION

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate. The Court thus **DISMISSES** this case under Fed. R. Civ. P. 41(b). The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated:   1/6/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge